32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Wayne SYLVA, Defendant-Appellant.
 No. 93-10513.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1994.*
Decided July 25, 1994.
 
 1
 Before: FERNANDEZ, RYMER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 David Wayne Sylva appeals his conviction upon a conditional plea of guilty to possessing methamphetamine within 1,000 feet of an elementary school with intent to distribute (21 U.S.C. Secs. 841(a)(1) and 860), using and carrying firearms during and in relation to drug trafficking, 18 U.S.C. Sec. 924(c)(1), and possessing illegal firearms, 18 U.S.C. Secs. 922(g)(3), (o)(1) and 26 U.S.C. Sec. 5861(d). He contends that the district court improperly denied his motion to suppress the firearms and drugs found in his truck, because there was no probable cause to support the warrant pursuant to which the truck was searched. We affirm.
 
 
 4
 Sylva contends that the district court should have granted his motion to suppress and adopted his theory that there was no probable cause to support the warrant. In effect, Sylva argues that the court improperly rejected his and Darlene Akau's testimony as not being credible, improperly credited Officer Canario's version of events, and failed to appreciate the import of comments made by Officer McKee in a police video of the search. However, we give special deference to a trial court's credibility findings, and will not reverse a district court's findings of fact based on those credibility determinations unless we have a "definite and firm conviction that a mistake has been committed." United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). Review of the record in this case leaves us with no such conviction.
 
 
 5
 Sylva also argues that the search warrant affidavit was inadequate to support a probable cause finding because (1) it contained false information concerning whether Sylva was inside the car and ordered out, when he was arrested, whether he habitually carried guns, and whether Officer Canario saw a butt of a rifle in his truck; and (2) it gave no indication that weapons would be found in his truck on the day of the search. We have already determined that the court did not clearly err when it credited Officer Canario's testimony. Nor did Danna Connover's testimony at the suppression hearing demonstrate the falsity of the affidavit's statement that Sylva "habitually carried firearms." Not only had earlier police reports indicated that he did, but also a weapon was seen in Sylva's truck on the date of his arrest. Although the affidavit did falsely state that Sylva was ordered out of his car and may have misstated the exact moment of his arrest, those facts were quite clearly immaterial to the magistrate's finding of probable cause, and were not shown to have been made deliberately or recklessly. See United States v. Motz, 936 F.2d 1021, 1023-24 (9th Cir.1991). Sylva's claim that information in the affidavit was stale is meritless. Nothing could be fresher than Officer Canario's observation of a wrapped rifle in Sylva's truck on February 10, 1992. Not only was it fresh itself, but its freshness also indicated that other information in the affidavit had continuing validity.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not consider Sylva's contention regarding the automobile exception because the search was justified based on the warrant. Cf. Coolidge v. New Hampshire, 403 U.S. 443, 453, 91 S.Ct. 2022, 2031, 29 L.Ed.2d 564 (1971)